```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

CHRISTOPHER A. COUGLE                              CIVIL ACTION

V.                                                 NO. 17-5735

RONNA ROMNEY MCDANIEL                              SECTION "F"

                        ORDER AND REASONS

The plaintiff, Christopher A. Cougle, has filed this lawsuit *pro se* and *in forma pauperis* against chairwoman of the Republican National Committee, Ronna Romney McDaniel. The Court has considered his claims and finds that the complaint should be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), for being frivolous and for failing to state a claim upon which relief could be granted.

                              I.

"A federal court may dismiss a claim *in forma pauperis* 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting 28 U.S.C. § 1915(d)). A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker v. Koonce, 2 F.3d 114, 116 (5th Cir. 1993). "Section 1915(d) 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994), cert. denied, 513 U.S. 883 (1994) (quoting Nietzke v. Williams, 490 U.S. 319, 327 (1989)). Even under the broadest reading, Cougle's complaint is frivolous and clearly lacks an arguable basis in law and fact.

Dismissal pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim is analyzed by the same standard used for dismissal under Federal Rule of Civil Procedure 12(b)(6). Newsome v. E.E.O.C., 301 F.3d 227, 231 (5th Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (internal quotations omitted).

Pro se pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, pro se litigants must still provide sufficient facts to support their claims; conclusory allegations are insufficient. United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) (citations omitted).

## II.

The plaintiff alleges that the Republican Party had various public figures killed and played a part in certain violent events around the world. The plaintiff also lists various other

2

allegations related to products and services that Ronna Romney McDaniel uses, such as the type of car she drives and medications she takes. He additionally makes numerous allegations regarding many top officials associated with the White House and the Republican Party.

III.

Even interpreting these claims with the liberal construction to which this pro se pleading is entitled, the Court finds that the plaintiff's allegations are not only unlikely, but are also irrational, wholly incredible, fabricated, and at times delusional. See Haines, 404 U.S. at 520-21; Booker, 2. F.3d at 115-16 (quoting Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)). Thus, the plaintiff's complaint should be dismissed as frivolous and for failure to state a claim. Id.

Accordingly, IT IS ORDERED: that the plaintiff's complaint is DISMISSED with prejudice.

New Orleans, Louisiana, August 23, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE